**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**HUIZHOU KAILANGDE TECHNOLOGY CO., LTD.,**

**Petitioner,**

**-against-**

**AMAZON.COM SERVICES, LLC; and AMAZON.COM, INC.,**

**Respondents.**

**1:26-cv-00882 (ALC)**

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Petitioner Huizhou Kailangde Technology Co., Ltd. ("Petitioner") brings this action pursuant to 9 U.S.C. §§ 9, 10, and 11 of the Federal Arbitration Act (FAA) for (1) partial confirmation of liability determinations favorable to Petitioner in the Final Arbitration Award ("Award"); (2) partial modification of the Award to correct material mistakes and miscalculations of damages and fees; (3) an order directing that judgment on the confirmed and modified portions of the Award be entered in favor of Petitioner against Respondents Amazon.com Services, LLC and Amazon.com, Inc., (together, "Respondents" or "Amazon"); and (4) an order directing that any portion of the Award that the Court declines to modify be remanded to sole arbitrator Lou Chang ("Arbitrator") for further proceedings consistent with the Court's order. For the reasons discussed below, Petitioner's motion is **DENIED**.

## BACKGROUND

### I. Underlying Controversy

Petitioner was a third-party seller, with its principal place of business in Huizhou, China, doing business on Amazon's online marketplace. ECF No. 9 at ¶ 2. As is required of independent

merchants in order to open a seller account on Amazon, Petitioner entered into a standard Business Solution Service Agreement ("BSA") with Respondent in March 2018. *Id.* at ¶ 11.

Section 2 of the BSA grants Amazon sole discretion to permanently withhold any payment in the seller's account if Amazon determines that the seller's actions or performance may result in risks to Amazon or third parties. *Id.* Exhibit P1. Section 3 allows Amazon to suspend or terminate a seller's account immediately if the seller has materially breached the BSA, used its account for deceptive or fraudulent activity, or harmed other sellers, customers, or Amazon's legitimate interests. *Id.* Section 18 requires both parties to consent to arbitration by the American Arbitration Association (AAA) for any disputes related to the BSA. *Id.* Under Section 18, payment of all filing, administration, and arbitrator fees are to be governed by AAA rules. *Id.*

In June 2021, Amazon deactivated Petitioner's seller accounts without prior notice. *Id.* at ¶ 17. Amazon alleged that Petitioner had engaged in deceptive, fraudulent, or illegal activity by committing "review abuse," or inducing positive reviews on Petitioner's products to boost its vendor rating. *Id.* Amazon invoked Sections 2 and 3 of the BSA simultaneously to deactivate Petitioner's account and seize Petitioner's net sales proceeds held in that account. *Id.* Petitioner claims that this figure amounted to $476,255.30, a substantial portion of the total sales proceeds Petitioner had generated in the approximately six months prior to the account deactivation, $1,049,457.48. *Id.* at ¶¶ 16, 18. Further, Amazon closed out pending sales transactions, processed customer returns, made refunds, and charged Petitioner's account for storage and costs associated with unsold inventory. *Id.* Exhibit P11. After these deductions, Amazon retained funds remaining in Petitioner's account. *Id.* at ¶¶ 21-22.

## II. Arbitration

Following Petitioner's account deactivation and the seizure of its sales proceeds by Amazon, Petitioner commenced arbitration against Respondents before the AAA International Centre for Dispute Resolution (AAA-ICDR), pursuant to Section 18 of the BSA. *Id.* at ¶ 19. Petitioner sought recovery of its wrongfully withheld funds, consequential damages, and declaratory relief. *Id.*

After discovery and extensive briefing, the Arbitrator issued an Arbitrator's Decision and Award on July 18, 2025. *Id*. at ¶ 20. In this determination, the Arbitrator held that Section 2 of the BSA is an unenforceable penalty clause, Respondents were not entitled to retain the remaining funds as liquidated damages, and Petitioner was entitled to pre-judgment interest on the principal sum. *Id*. The Arbitrator calculated the principal sum owed to Petitioner at the post-deductions amount of $88,208.80. *Id*. Exhibit P10. The Arbitrator also held that the parties were to bear their respective attorney's fees, and the administrative fees of the AAA-ICDR, totaling $12,200.00, and compensation of the Arbitrator, totaling $16,034.03, was to "be borne by the parties as incurred." *Id*.

On July 25, 2025, Petitioner filed a Motion to Modify the Arbitration Award. *Id*. at ¶ 24. Petitioner argued that the Arbitrator miscalculated the post-blocking deductions, arriving at an erroneous principal sum; that, regardless of these miscalculations, post-blocking deductions should not be factored into calculations of the amount owed by Respondents, which is the entire initial amount withheld; and that if post-blocking deductions are to be allowed, they should be limited to three months after account blocking. *Id*. Exhibit P11. Furthermore, Petitioner requested a recalculation of the pre-judgment interest amount and damages for Respondents' breach of due process. *Id*.

On August 26, 2025, the Arbitrator issued a Disposition of Application for Modification of Award to correct its computational errors. *Id*. Exhibit P12. The Arbitrator adjusted its initial calculation of the principal sum from $88,208.80 to $120,540.27, based on a subtraction of the amount Respondents were owed in uncollected fees ($88,208.80) from the post-blocking, pre-deductions sum it held in Petitioner's account ($208,749.07). *Id*. All other holdings from the July 25, 2025, Decision and Award were reaffirmed. *Id.*

On September 8, 2025, Petitioner submitted a second Motion to Modify the Arbitration Award, once again requesting a recalculation of the award amount. *Id*. Exhibit P13. However, the Arbitrator denied Petitioner's motion on October 13, 2025, rejecting a re-determination on the merits of the dispute. *Id*. Exhibit 14. On February 13, 2026, Petitioner subsequently filed this motion with the Court to partially confirm and partially modify the Award. Respondents oppose Petitioner's motion, characterizing Petitioner's request as a motion to vacate the Award. *See* ECF No. 12.

**STANDARD OF REVIEW**

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention") is incorporated into the law of the United States through Chapter 2 of the FAA. 9 U.S.C. § 201. As a general matter, the Second Circuit has recognized "the strong deference appropriately due arbitral awards and the arbitral process." *Porzig v. Dresdner, Kleinwort, Benson, N.A. LLC*, 497 F.3d 133, 138-39 (2d Cir. 2007). The Second Circuit has held that confirmation under the New York Convention is a "summary proceeding in nature, which is not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmation or grounds for refusal to confirm." *Zeiler v. Deitsch,* 500 F.3d 157, 169 (2d Cir. 2007). An arbitral award should be enforced if there is "a barely colorable

justification for the outcome reached." *Landy Michaels Realty Corp. v. Loc. 32B-32J, Servs. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (citing *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)). An action within the New York Convention's scope is "deemed to arise under the laws and treaties of the United States." *Drip Cap., Inc. v. M/S. Goodwill Apparels*, 665 F. Supp. 3d 511, 518 (S.D.N.Y. 2023) (citing 9 U.S.C. § 203). Ordinarily, the court "must grant the award unless the award is vacated, modified, or corrected." *Seneca Nation of Indians v. New York*, 988 F.3d 618 (2d Cir. 2021) (citing *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006)).

When looking at whether to confirm an Arbitral Award, Article V of the New York Convention provides the seven defenses which a district court may consider. [1] *See Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005) ("The party opposing enforcement of an arbitral award has the burden to prove that one of the seven defenses

---

[1] The seven defenses are listed in Article V of the New York Convention, which states in full:

> 1. Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that:
>
> (a) The parties to the agreement ... were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or
>
> (b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or
>
> (c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or
>
> (d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or
>
> (e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.
>
> 2. Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that:
>
> (a) The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or
>
> (b) The recognition or enforcement of the award would be contrary to the public policy of that country.

under the New York Convention applies."); *see also* 9 U.S.C. § 207 (stating that a "court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention"). "[T]he showing required to avoid summary confirmance [of an arbitral award] is high." *See Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997). The party "opposing enforcement of an arbitral award has the burden to prove that one of the seven defenses applies." *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 809-10 (2d Cir. 2022).

Because the FAA creates a "strong presumption in favor of enforcing arbitration awards," *EB Safe, LLC v. Hurley*, 832 F. App'x 705, 707 (2d Cir. 2020), a party seeking to vacate an arbitration award must meet a high burden of proof, *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 102 (2d Cir. 2013); *see also Tully Constr. Co. v. Canam Steel Corp.*, 684 F. App'x 24, 26 (2d Cir. 2017). The FAA "only allows for vacatur in four circumstances: (1) the arbitral award 'was procured by corruption, fraud, or undue means;' (2) 'there was evident partiality or corruption in the arbitrators;' (3) 'the arbitrators were guilty of misconduct ... by which the rights of any party have been prejudiced;' (4) 'the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.'" *EB Safe, LLC v. Hurley*, 2018 U.S. Dist. LEXIS 82034, *5 (S.D.N.Y. May 15, 2018) (citing 9 U.S.C. § 10(a)).

In addition to the four statutory bases for vacatur, the Second Circuit has held that vacatur may also be granted if "an arbitral award that exhibits a 'manifest disregard of law.' *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) (citing *Goldman v. Architectural Iron. Co.*, 306 F.3d 1214, 1216 (2d Cir. 2002)); *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 208 (2d Cir. 2002) (same). Review under the manifest disregard standard is

"highly deferential" to the arbitrators, and relief on such a claim is therefore "rare." *STMicroelectronics, N. V. v. Credit Suisse Sec. (USA) LLC*, 648 F.3d 68, 78 (2d Cir. 2011) (citing *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007)). A court can vacate an arbitral award for manifest disregard of the law only if (1) "the governing law alleged to have been ignored by the arbitrators was well defined, explicit, and clearly applicable," and (2) "the arbitrator knew about the existence of a clearly governing legal principle but decided to ignore it or pay no attention to it." *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 122 (2d Cir. 2011) (internal quotations omitted); *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004). "It is well-established that the 'manifest disregard' doctrine is one of 'last resort' and is limited 'only to those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent.'" *J&J Empire Express, Inc. v. FedEx Ground Package Sys., Inc.*, 2025 U.S. Dist. LEXIS 67676, *5 (S.D.N.Y. April 9, 2025) (citing *Jefferies LLC v. Gegenheimer*, 849 F. App'x 16, 17 (2d Cir. 2021) (quoting *Duferco*, 333 F.3d at 389)). Given the strong deference to arbitration outcomes, manifest disregard requires a showing beyond "a mistake of law or a clear error in fact finding." *EB Safe, LLC*, 832 F. App'x at 707.

Similar to vacatur, the statutory bases for the modification of an arbitration award are narrow under 9 U.S.C. § 11. *Berkowitz v. Gould Paper Corp.*, No. 21-CV-6582 (VEC), 2022 WL 118232. at *3 (S.D.N.Y. Jan. 12, 2022) (citing *Oceania Shipping Corp. v. Thos. P. Gonzalez Corp.*, 442 F. Supp. 997, 999 (S.D.N.Y. 1977)). An award may be modified (1) "[w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award"; (2) "[w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted"; and (3) "[w] here the award is imperfect in matter of form not affecting the

merits of the controversy." 9 U.S.C. § 11. Beyond statutory authority, and as with vacatur, modifications or corrections of an arbitration award may be granted under the highly deferential manifest disregard standard. *Arbordale Hedge Invs., Inc. v. Clinton Grp.. Inc.,* No. 99 CIV. 4452 MBM, 1999 WL 1000939, at *2 (S.D.N.Y. Nov. 4, 1999) (citing *Yusuf*, 126 F.3d at 23).

## DISCUSSION

### I. Petitioner's Argument for Partial Modification or Vacatur

Petitioner moves to modify or vacate portions of the Award in the following ways: adjusting the Award for withheld funds from $120,540.27 to the full original amount of $476,255.30; adjusting the Award to include pre-judgment interest based on this new principal sum; awarding a damages amount of $314,820.00 based on Respondents' unlawful account blocking without due process; modifying the allocation of fees in the Award such that Respondents shall bear all expenses and fees; and ruling Sections 3 and 8 of the BSA as unenforceable. ECF No. 9. Petitioner provides two bases for its motion: (1) that the Award contained a material miscalculation subject to modification pursuant to 9 U.S.C. § 11(a); and (2) that the Arbitrator manifestly disregarded the law. *Id*. Respondents oppose the motion, rejecting the claims that the Award amount included a material miscalculation, or that the Arbitrator exhibited a manifest disregard for the law. ECF No. 12. For the reasons that follow, the Court agrees with Respondents, and Petitioner's motion to partially modify the Award is **DENIED**.

#### a. Modification is Not Warranted Under 9 U.S.C. § 11(a) Because the Award Did Not Contain a Material Miscalculation

The statutory basis provided in FAA section 11(a) for modification of an arbitration award "based on evident material miscalculation is generally limited to patently obvious mistakes on the face of the award, such as where the award would provide for double recovery." *Clearview AI,*

*Inc. v. Investigative Consultants, Inc.*, No. 25-CV-49 (JPO), 2025 WL 1294375, at *4 (S.D.N.Y. May 5, 2025) (citing *Fellus v. Sterne, Agee & Leach, Inc.*, 783 F. Supp. 2d 612, 619 (S.D.N.Y. 2011)). The statute does not provide for modification where the award is "not the result of some careless or obvious mathematical mistake, but rather the disposition of a substantive dispute that lays at the heart of the arbitration." *Id.* (citing *Fellus*, 783 F. Supp. 2d at 619 (quoting *Companhia de Navegacao Maritima Netumar v. Armada Parcel Serv., Ltd.*, No. 96-CV-6441, 2000 WL 60200, at *6 (S.D.N.Y. Jan. 25, 2000)). It is therefore "improper for the court to review the arbitrators' 'determination on the merits of the controversy.'" *Fellus*, 783 F. Supp. 2d at 619 (quoting *Netumar*, 2000 WL 60200, at *8).

In arguing that the Arbitrator materially miscalculated the Award amount, Petitioner does not point to any patently obvious mistakes on the face of the Award. Rather, Petitioner insists that deductions for commissions, storage, delivery, and other account related charges should not be made on the original withheld amount, or that the withheld amount should be calculated using different base figures. Essentially, Petitioner disputes the figures the Arbitrator referenced from the record to arrive at its calculation of the final Award amount, not the accuracy of the Arbitrator's arithmetic. This contests the Arbitrator's rationale. Yet the Arbitrator need not provide its rationale in reaching its decision to reference specific numbers, so long as its calculus is not mathematically erroneous, which it is not. Petitioner's request that the Court recalculate the Award using different figures than those the Arbitrator referenced would require the Court to review the substantive disputes at the heart of the arbitration. Such a review of the Arbitrator's decision on the merits is improper. Accordingly, Petitioner's motion to modify the calculation of withheld funds is denied.

### b. Remand is Not Warranted Because the Award Amount Was Not Ambiguous, and the Arbitrator Provided a Reasonable, Law-Consistent Basis for the Award Amount

Arbitrators are not ordinarily required to explain their reasoning, however, "[c]ourts will not enforce an award that is incomplete, ambiguous, or contradictory." *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 346 (2d Cir. 2010) (citing *Bell Aerospace Co. Div. of Textron, Inc. v. Local 516, Int'l Union, UAW*, 500 F.2d 921, 923 (2d Cir. 1974)). Courts have the authority to remand an award to the arbitrator for more than just fine-tuning a specific remedy, including to clarify whether the arbitrator's decision reflects manifest disregard of the law. *Hardy v. Walsh Manning Sec., L.L.C.*, 341 F.3d 126, 134 (2d Cir. 2003). When an arbitration award is ambiguous, the arbitrator retains limited authority to clarify what it has already decided, and a court asked to confirm such an award should remand it to the arbitrator for clarification rather than attempt to resolve the ambiguity itself. *Gen. Re Life Corp. v. Lincoln Nat'l Life Ins. Co.*, 909 F.3d 544, 548–52 (2d Cir. 2018) ("Adopting this exception to functus officio furthers the well-settled rule in this Circuit that when asked to confirm an ambiguous award, the district court should instead remand to the arbitrators for clarification."); see also *Park Ave. Life Ins. Co. v. Allianz Life Ins. Co. of N. Am.*, 2019 WL 4688705, at *5 (S.D.N.Y. Sept. 25, 2019). "It is well-settled in this Circuit that, 'when asked to confirm an ambiguous award, the district court should instead remand to the arbitrators for clarification.' An arbitrator may issue a clarification of an ambiguous award if: '(1) the final award is ambiguous; (2) the clarification merely clarifies the award rather than substantively modifying it; and (3) the clarification comports with the parties' intent as set forth in the agreement that gave rise to arbitration.'" *Smarter Tools Inc. v. Chongqing SENCI Import &*

*Export Trade Co.*, 57 F.4th 372, 381 (2d Cir. 2023) (internal citations omitted). It has been established that:

> Where [] an arbitrator's award appears to have been reached on the basis of a precise mathematical calculation, it is desirable, and in some cases may be necessary, to know the basis for the calculations underlying the award. A remand for clarification in such circumstances would not improperly require arbitrators to reveal their reasons, but would instead simply require them to fulfill their obligation to explain the award sufficiently to permit effective judicial review.

*Siegel v. Titan Industrial Corp.*, 779 F.2d 891, 894 (2d Cir. 1985).

Here, the Arbitrator provides a reasonable, law-consistent basis for its adjusted calculation of the Award at $120,540.27 and its finding that Respondents were entitled to charge Petitioner for commissions, storage, delivery, and other account related charges. In its August 26, 2025, Disposition of Application for Modification of Award, the Arbitrator corrects the miscalculation made in its original, July 18, 2025, Decision and Award, basing its new calculation on specific testimony and figures cited from the record. Though the adjusted Award amount is not what Petitioner expected based on its own calculations and belief that Respondents were not entitled to make deductions on the withheld funds, the Arbitrator sufficiently explains the underlying calculations of the award. The Award is not ambiguous. Accordingly, the Court denies the request to remand to the Arbitrator for further clarifications on the Award amount.

**c. Manifest Disregard is Not Met Because the Arbitrator Did Not Ignore Governing Law in Its Calculation of Prejudgment Interest and Its Refusal to Award Fees and Costs**

Since Petitioner argues for modification or vacatur on the grounds of manifest disregard, the Court will look to whether (1) “the governing law alleged to have been ignored by the arbitrators was well defined, explicit, and clearly applicable,” and (2) “the arbitrator knew about

the existence of a clearly governing legal principle but decided to ignore it or pay no attention to it." *Jock.*, 646 F.3d at 122 (internal quotations omitted); *Wallace*, 378 F.3d at 189.

Here, the arbitration agreement makes clear that disputes that arise under the BSA are governed by Washington state law, together with the FAA and other applicable federal law. ECF No. 9, Exhibit P1. Under Washington law, "[t]he prevailing party in a lawsuit is generally entitled to prejudgment interest on liquidated damages." *Hadley v. Maxwell*, 120 Wash. App. 137, 141 (2004), *as amended on denial of reconsideration* (Mar. 23, 2004) (quoting *Lakes v. von der Mehden*, 117 Wash.App. 212, 214 (2003)). "A claim is liquidated if data in the evidence makes it possible to compute the amount with exactness, without reliance on opinion or discretion." *Id.* (quoting *Lakes*, 117 Wash.App. at 217); *see also Stevens v. Brink's Home Sec., Inc.*, 162 Wash. 2d 42, 50-51 (2007). "[T]he rationale behind imposing prejudgment interest only for liquidated claims is that '[a] defendant cannot stop the running of interest by paying the plaintiff if that defendant does not know the amount due.'" *Skanska USA Bldg. Inc. v. 1200 Howell St., LLC*, 33 Wash. App. 2d 1055, *review denied sub nom. Skanska USA Bldg. Inc v. 1200 Howell St., LLC*, 4 Wash. 3d 1038, 572 P.3d 1206 (2025) (quoting *Rekhter v. State, Dep't of Soc. & Health Servs.*, 180 Wash. 2d 102, 323 P.3d 1036 (2014)). The prejudgment interest rate in Washington is capped at twelve percent per annum. RCW 19.52.020(1); *see also Stevens*, 162 Wash. 2d at 51.

Against this background, Petitioner's argument that the Arbitrator ignored governing law falls flat. Indeed, the Arbitrator was aware of the governing law, citing to Washington law in its decisions. The Arbitrator awarded Petitioner prejudgment interest at the maximum statutory rate of twelve percent per annum. Petitioner's challenge to the calculation of the prejudgment interest presumes that the Arbitrator should have awarded Petitioner the full $476,255.30, rather than $120,540.27, as was ultimately determined. This conclusory argument is flawed. Since the

Arbitrator arrived at a different calculation of the principal sum than Petitioner did, it follows that the prejudgment interest determined by the Arbitrator differs accordingly.

Petitioner further contests the start date of the prejudgment interest award, arguing that the Arbitrator did not provide a basis for determining that the interest shall run from October 1, 2021, and not June 24, 2021. However, Petitioner conflates the date of *seizure* with the date the claims became *liquidated*, and therefore subject to prejudgment interest under Washington State law. It can be readily presumed that the Arbitrator reasonably concluded that prejudgment interest should begin only when the recoverable amount became fixed and calculable, following determinations of certain deductions, for example. The fact that the Arbitrator's calculation of the principal sum included such deductions further supports this conclusion. The Arbitrator did not ignore Washington State law in calculating prejudgment interest.

Courts interpret arbitration provisions in contracts broadly and routinely hold that arbitrators enjoy substantial leeway in fashioning whatever remedies they consider suitable. *Banco de Seguros del Estado v. Mut. Marine Office, Inc.*, 344 F.3d 255, 261 (2d Cir. 2003). Moreover, the arbitration agreement does not make any state's law binding; rather, it defines its governing laws to include multiple authorities. *J. B. Harris, Inc. v. Razei Bar Indus., Ltd.*, 37 F. Supp. 2d 186, 190 (E.D.N.Y. 1998) (citing *Silverman v. Benmor Coats, Inc.*, 61 N.Y.2d 299, 308 (1984) (". . .[A]bsent provision in the arbitration clause itself, an arbitrator is not bound by principles of substantive law or by rules of evidence. . . ."). Even so, the manifest disregard doctrine "is limited 'only to those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent.'" *J&J Empire*, 2025 U.S. Dist. LEXIS 67676, at *5 (citing *Jefferies*, 849 F. App'x at 17 (quoting *Duferco*, 333 F.3d at 389)). Under the manifest disregard standard, "[a] federal court cannot vacate an arbitral award merely because it is convinced that the arbitration

panel made the wrong call on the law." *Esso Expl. & Prod. Chad, Inc. v. Taylors Int'l Servs., Ltd.*, 293 F. App'x 34, 36 (2d Cir. 2008) (citing *Wallace v. Buttar*, 378 F.3d 182, 190 (2d Cir.2004)).

Petitioner claims that the Arbitrator's determination as to the prejudgment interest start date violates the principle of full compensation. ECF No. 9 at ¶ 34. Similarly, Petitioner argues that, in forcing Petitioner to bear its own costs and fees, the Arbitrator disregarded "the fundamental remedial principle that costs should follow the event." *Id.* at ¶ 35. According to the BSA, payment of all fees and costs are governed by the AAA's rules. However, Petitioner does not argue that the Arbitrator departed from this governing law, only that it disregarded the remedial principle cited. The Arbitrator is not bound by such principles in using its discretion to fashion a remedy it deems suitable. The record does not support the conclusion that the Arbitrator ignored the governing law, let alone that it acted with egregious impropriety in (1) awarding prejudgment interest dating from October 1, 2021, rather than the date requested by Petitioner; and (2) refusing to allocate fees and costs to Respondents alone.

Therefore, the Court rejects Petitioner's argument that the Arbitrator manifestly disregarded Washington State law respecting prejudgment interest. Further, the Court rejects Petitioner's argument that the Arbitrator manifestly disregarded fundamental remedial principles respecting fees and costs. As a result, the manifest disregard requirements are not met, and the Court declines to modify or vacate the Award.

**d. The Arbitrator Issued a Final and Definite Award Addressing All Issues**

Pursuant to 9 U.S.C. § 10(a)(4), Petitioner argues that the Arbitrator "so imperfectly executed [their powers] that a mutual, final, and definite award upon the subject matter submitted was not made." ECF No. 9 at ¶ 36. Petitioner claims that the Arbitrator refused to address the enforceability of Sections 3 and 8 of the BSA as well as a separate claim for $314,820.00 in

consequential damages arising from Amazon's breach of due process in deactivating Petitioner's account. *Id.* at ¶ 37. On these grounds, Petitioner argues that the Court should modify or vacate the Award, enter judgment in favor of Petitioner on these issues, and correct the Award amount. *Id.* at ¶ 39. Alternatively, Petitioner requests that the case be remanded to the Arbitrator for further proceedings on these issues. ECF No. 14. For the reasons discussed below, Petitioner's motion is **DENIED**.

For an arbitral award to be final, it "must be intended by the arbitrators to be their complete determination of all claims submitted to them." *Michaels v. Mariforum Shipping, S. A.*, 624 F.2d 411, 413 (2d Cir. 1980) (citing *Mobil Oil Indonesia Inc. v. Asamera Oil (Indonesia) Ltd.*, 43 N.Y.2d 276, 281 (1977)). "Generally, in order for a claim to be completely determined, the arbitrators must have decided not only the issue of liability of a party on the claim, but also the issue of damages." *Id.* at 413-14. An Award is final if it resolves all issues "'definitively enough so that the rights and obligations of the two parties, with respect to the issues submitted, do not stand in need of further adjudication.'" *VC Healthy Living, Inc. v. ILKB, LLC*, No. 22 CIV. 5549, 2024 WL 3861847, at *5 (S.D.N.Y. Aug. 19, 2024) (quoting *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 176 (2d Cir. 1998)).

Courts look to the "plain language of the Awards" to determine their finality. *Whittaker v. MHR Fund Mgmt. LLC*, No. 20 CIV. 7599 (AT), 2021 WL 9811715, at *8 (S.D.N.Y. Sept. 28, 2021). Language such as, "[a]ny remaining claims of the parties, even if not specifically discussed in this Partial Arbitration Award, are denied," speak to an award's finality. *See VC Healthy Living*, 2024 WL 3861847, at *5; *see also Goldman v. Architectural Iron Co.*, No. 01 CIV 8875 DLC, 2001 WL 1705117, at *4 (S.D.N.Y. Jan. 15, 2001), *aff'd*, 306 F.3d 1214 (2d Cir. 2002) (citing the language of "[a]ll claims not expressly granted herein are hereby, denied," in its finding of finality

of the award). An arbitrator need not explain its reasoning for an award, even when using sweeping language to dispose of claims that it does not specifically address in its decision. *See Fid. Brokerage Servs. LLC v. Deutsch*, No. 17 CIV. 5778 (NRB), 2018 WL 2947972, at *11-*12 (S.D.N.Y. May 31, 2018), *aff'd*, 763 F. App'x 104 (2d Cir. 2019) (citing *Lessin v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 481 F.3d 813, 820 (D.C. Cir. 2007)).

Petitioner fails to show that the Arbitrator "so imperfectly executed [its powers] that a mutual, final, and definite award upon the subject matter submitted was not made.” 9 U.S.C. § 10(a)(4). The July 18, 2025, Award and Decision specifically states, “[t]his award is a full and final determination of all substantive claims and counterclaims submitted in this arbitration. All claims and counterclaims not specifically addressed are denied.” ECF No. 9, Exhibit P10. This determination was reaffirmed in the Arbitrator’s August 26, 2025, and October 12, 2025, Dispositions. *Id.*, Exhibits P12, P14. The Arbitrator was neither required to grant Petitioner declaratory relief as to the enforceability of Sections 3 and 8 of the BSA, nor to grant Petitioner’s request for consequential damages, nor to explain its reasoning for either refusal.

To be clear, the Arbitrator adjudicated all issues concerning liability and damages between both parties, including granting Petitioner declaratory relief as to Section 2 of the BSA, such that further adjudication on the merits of these issues is no longer warranted. Petitioner concedes this point in both of its motions to modify the Award, wherein Petitioner exclusively requests a recalculation of the Award amount without mention of these corollary issues. *Id.*, Exhibits P11, P13.

Therefore, the Court rejects Petitioner’s argument that the Arbitrator failed to render a final and definite award and denies Petitioner’s motion to modify or vacate the Award.

## II. Petitioner's Argument for Partial Confirmation, Vacating in Part, Confirming in Part

Pursuant to 9 U.S.C. § 9, Petitioner seeks to confirm portions of the Award which are favorable to Petitioner, namely the finding that Section 2 of the BSA is unenforceable and that Respondents owe Petitioner withheld funds. ECF No. 9. Respondents argue that the Court should not confirm the Award. Respondents claim to have satisfied the damages award in full and that Petitioner therefore lacks standing to move to confirm the Award. ECF No. 12. For the reasons that follow, Petitioner's motion to partially confirm the award is **DENIED** as moot.

### a. Petitioner Has Article III Standing to Move to Vacate Portions of the Award

"[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62 (2d Cir. 2023) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)). "A 'concrete' injury is 'real, and not abstract.'" *Id.* (quoting *TransUnion*, 594 U.S. at 424). In addition to physical or monetary injuries, "[i]ntangible harms" can also be "concrete." *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 731 F. Supp. 3d 531 (S.D.N.Y. 2024) (citing *TransUnion*, 594 U.S. at 425).

"Rights arising from the law of contracts are no less legal rights than those arising from the laws of property and tort." *Eletson*, 731 F. Supp. 3d at 569 (citing *Tenn. Elec. Power Co. v. Tenn. Valley Auth.*, 306 U.S. 118, 137 (1939)). "A contract right itself is a protectible interest, the breach of which gives rise to a concrete injury." *Id.* Thus, Article III standing is conferred for private rights including contract rights. *Id.* (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 344 (Thomas, J.,

concurring)). Furthermore, "[a] party to a contract need not have suffered direct financial loss to have a stake in its enforcement or to have suffered a concrete injury when it is breached." *Id.*

**b. Petitioner's Motion to Partially Confirm the Award is Moot**

Respondents claim that because the Award *amount* has been satisfied in full, Petitioner no longer has standing to bring this motion before the Court. ECF No. 12 (citing *Stafford*, 78 F.4th at 68-69). However, the plaintiff in *Stafford* only sought to enforce payment of her award and consequently lost standing when the award was paid in full. *See id.* at 69. In the present case, in contrast, Petitioner seeks to vindicate its contract rights under the BSA through declaratory relief. Since Petitioner moves to confirm the portion of the Award declaring Section 2 of the BSA as an unenforceable liquidated damages provision, it has standing insofar as it seeks to vindicate a contract right.

"The doctrine of mootness ensures that a litigant's interest in the outcome continues to exist throughout the life of the lawsuit." *Billie v. Coverall N. Am., Inc.*, No. 23-672-CV, 2024 WL 4380618 (2d Cir. Oct. 3, 2024) (citing *Conn. Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 444 (2d Cir. 2021)) (internal quotation marks omitted). To this end, "[i]f, as a result of changed circumstances, a case that presented an actual redressable injury at the time it was filed ceases to involve such an injury, it ceases to fall within a federal court's Article III subject matter jurisdiction and must be dismissed for mootness." *Id.* (citing *Conn. Citizens*, 6 F.4th at 2) (alteration adopted). In *Billie*, the court held that the petitioner's action to confirm an arbitration award was moot with respect to both monetary and declaratory relief. *Id.* The court reasoned that the action was moot not only because the total award amount had been paid, but also because the petitioner "[had] not made any nonspeculative allegations that [the respondent] is violating, or will violate, that purported declaratory relief." *Id.* Briefly put, there was no "certainly impending future injury"

warranting prospective relief. *Id.* (quoting *Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012)).

Although Petitioner has standing to move to partially vacate the arbitration award, its motion to partially confirm the Award is dismissed for mootness. In requesting declaratory relief, Petitioner seeks to vindicate its contract rights respecting the unenforceability of Section 2 of the BSA and affirm the Arbitrator's finding that Respondents had wrongfully withheld funds. Petitioner's interest in confirming the declaratory judgment is only relevant to Petitioner to the extent that it may influence modification or vacatur. Because the Award amount has been satisfied in full, and because Petitioner does not seek declaratory relief on an issue unrelated to the final damages amount, Petitioner's action to partially confirm the Award ceases to involve an injury and is therefore moot. Even if Petitioner had sought confirmation of a declaratory judgment involving an issue entirely unrelated to their motion to modify or vacate the Award amount, the action would remain moot. Petitioner does not provide nonspeculative allegations tending to support the inference that Respondents have violated, are violating, or will certainly violate the declaratory relief. A prospective remedy is therefore not required.

If this Court were to assume, *arguendo*, that Petitioner's motion to partially confirm was not moot – say, hypothetically speaking, because Respondents had failed to pay the final Award amount – the Court would have subject matter jurisdiction to confirm the Award. Yet this assumption, and its implications, would still have no bearing on the Court's decision to modify or vacate the Award. Differently put, partial confirmation as sought by Petitioner would not lower the high bar Petitioner must meet to succeed on its motion to modify or vacate the Award. Petitioner fails to meet this high bar and the Court declines to alter the Award.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to partially confirm and partially modify the arbitration award is **DENIED**.

**SO ORDERED.**

**Dated: July 16, 2026**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**